# FORM TO BE USED BY A FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. SECTION 2241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**

MAY 2 0 2014

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

NO. _____
(leave this space blank)

Earl W. Cox Jr.
(enter full name of petitioner)

v.                    Inmate Number 20029-044

Charles Ratledge
_____
(enter full name of respondent)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. Place of detention  FCI Butner I

2. Name and location of court which imposed sentence  4th District, Greenville, NC.

3. List the indictment number(s) (if known) upon which sentence was imposed and the offense(s) for which sentence was imposed.  Civilly Committed Per 18 U.S.C. 4248

4. Give the date upon which sentence was imposed and the terms of the sentence  Civilly Committed Per 18 U.S.C. 4248 on 10/17/2012  5:11-HC-02137-H

Page 1 of 6

5. Check whether a finding of guilty was made

　　□ After a plea of guilty

　　□ After a plea of not guilty　　N/A

　　□ After a plea of nolo contenders

6. If you were found guilty after a plea of not guilty, check whether that finding was made by 　□ a jury

　　☒ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of the sentence?

　　☒ yes　　　　　　　　　　□ no

8. If you answered "yes" to #7, list:

　　(a) the name of each court to which you appealed:

　　　　(1) 4th Circuit Court of Appeals / Richmond, VA.

　　　　(2) _____

　　　　(3) _____

　　(b) the result in each court to which you appealed, and the date of each such result:

　　　　(1) Denied _____

　　　　(2) _____

　　　　(3) _____

　　(c) if known, the citations of any written opinion(s) or order(s) entered pursuant to such results:

　　　　(1) N/A _____

　　　　(2) N/A _____

　　　　(3) N/A _____

9. State concisely the **grounds** on which you base your allegations that you are being held in custody unlawfully. The BOP has illegally applied the "Adam Walsh Child Protection Act", 18 U.S.C. 4248, to Petitioner, due

to Congress not authorizing or approving the "Civil Committment Portion of the Act to be applied" Retroactively. 18 U.S.C. 4248 became effective on July 27, 2006. Petitioner was already incarcerated in the BOP at the time of 18 U.S.C. 4248 becoming effective.

No where in the 18 U.S.C. 4248 statue does it authorize or allow the BOP to apply 18 U.S.C. 4248 Retroactively. Congress never intended for this statue to be retroactive as can be seen through the following; Wiggins vs. VA. Dept. of Corr., 190 Fed. Appx. 295, 296 (4th Cir. 2006), "it is Reasonable to conclude that failure to express an intention to make a statue retroactive evidences a Lack of such intention", U.S. v Sherrod, 964 F. 2d 1501, 1505 "Footnote 11" (5th Cir. 1992), "Absent Legislative intent to the Contrary, statues become effective at the moment they are signed into Law,"

10. State concisely and in the same order the *facts* which support each of the grounds set out in #9. _____

① Congress has not Legislatively authorized or passed any statue or bill that permitts Retroactive application of 18 U.S.C. 4248

② The BOP has erroneously and illegally applied 18 U.S.C. 4248 to Petitioner

③ 18 U.S.C. 4248 became effective on July 27, 2006. Petitioner was sentenced on criminal conviction on 12/04/2003 clearly showing that Petitioner was already in BOP custody when 18 U.S.C. 4248 became effective.

also see, <u>Vartelas v Holder</u>, 132 S. CT. 1479 (2012), "In absence of a contrary indication, a statue will not be construed to have retro-active application", <u>Bowen v Georgetown Univ. Hosp</u>, 488 US. 204 208, (1988), "Retroactivity is not favored in the Law... Congressional enactments... will not be construed to have retractive effect unless their Language requires this result".

For the statue of 18 u.s.c. 4248 to be applied retroactively the consequences to Petitioners sentencing statue and structure would be altered greatly, see, <u>City of New York v Permanent mission of India to United Nations</u>, 618 F. 3d 172, 195 (2nd 2010)," Retroactive Laws frequently upset settled expectations by imposing burdens and disabilities with respect to completed transactions and actions ... and may undermine rule-of-Law values that enable people to Know what the Law is and to have confidence about the Legal consequences of thier actions", Federal Civil Commitment, in the form and structure as 18 u.s.c. 4248, did not exssit when Petitioner was convicted. Petitioner may very well had made an entirely different argument and defense against his charges if the statue of 18 u.s.c. 4248 had been in effect at that time

Therefore, Petitioner argues that 18 u.s.c. 4248, as applied to Petitioner, is illegally applied due to the fact that congress never authorized the statue through Legislation to be applied retroactively. Petitioner ask's this honorable court to vacate his Civil Commitment and release Petitioner to his supervised release.

Respectfully Submitted

15 May 2014
Date

Earl W. Cox Jr.

_____

_____

_____

11. Have you previously filed petitions for habeas corpus, motions under 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to this conviction?

☐ yes          ☒ no

12. If you answered "yes" to #11, list each petition, motion or application.

    (a) The specific nature thereof:

        (1) ____N/A_____

        (2) ____N/A_____

        (3) ____N/A_____

    (b) The name and location of the Court in which each was filed:

        (1) ____N/A_____

        (2) ____N/A_____

        (3) ____N/A_____

    (c) The disposition and date of each such disposition:

        (1) ____N/A_____

        (2) ____N/A_____

        (3) ____N/A_____

    (d) The citations, if known, of any written opinion(s) or order(s) entered pursuant to each such disposition:

        (1) ____N/A_____

        (2) ____N/A_____

        (3) ____N/A_____

13. If you did not file a motion under 28 U.S.C. § 2255, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: ____N/A_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

14. Has any ground set forth in #9 been previously presented to this court or any other federal court by way of application for habeas corpus, motion under 28 U.S.C. § 2255, or any other petition, motion or application?

☐ yes          ☒ no

15. If you answered "yes" to #14, identify:

    (a) which grounds have been previously presented:

        (1) _____ N/A _____

        (2) _____ N/A _____

        (3) _____ N/A _____

    (b) the proceeding in which each ground was raised:

        (1) _____ N/A _____

        (2) _____ N/A _____

        (3) _____ N/A _____

16. Were you represented by an attorney at any time during the course of

    (a) your arraignment and plea?   ☒ yes   ☐ no

    (b) your trial, if any?   ☒ yes   ☐ no

    (c) your sentence?   ☒ yes   ☐ no

(d)    your appeal, if any, from the judgment or conviction or the imposition of sentence?                                                                □ yes        ☒ no

(e)    preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction which you filed?  □ yes        ☒ no

17.  If you answered "yes" to one or more parts of #16, list:

(a) the name and address of each attorney who represented you:

(1) _SAmuel Forehand Esq. "Attorney at Law"_

(2) _Court Appointed 4th District_

(3) _____

(b) the proceedings at which each attorney represented you:

(1) _Civil Committment Proceedings "18 U.S.C. 4248"_

(2) _____

(3) _____

Signed this _15_ day of _MAY_ _2014_.

_Earl W. Cox Jr._
Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

_15 MAY 2014_
Date

_Earl W. Cox Jr._
Signature of Petitioner